IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| ROBBIE LAMONT MCCASKILL, | ) Civil Action No. 3:06-3227-CMC-JRM |
| Plaintiff, | ) |
| vs. | ) |
| KAWASHIMA TEXTILE, USA, INC., | ) |
| Defendant. | ) **REPORT AND RECOMMENDATION** |

Plaintiff, Robbie Lamont McCaskill ("McCaskill") filed this action on November 15, 2006.[1] Defendant, Kawashima Textile, USA, Inc. ("Kawashima Textile") filed a motion to dismiss on April 6, 2007. Because McCaskill is proceeding pro se, he was advised on April 10, 2007, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion to dismiss could result in the dismissal of his complaint. McCaskill did not respond to the Roseboro order. On May 16, 2007, the undersigned filed a second order allowing McCaskill an additional fifteen days in which to advise the Court whether he wished to continue to prosecute this action. McCaskill filed a motion to amend on May 16, 2007. The motion to amend was denied by the undersigned on September 27, 2007, because McCaskill did not file a proposed amended complaint and did not show that he served his motion on Kawashima Textile. The time for

---

[1] Pretrial matters in this case were referred to the undersigned pursuant to Rule 73.02(B)(2)(e) and (g), DSC. Because this is a dispositive motion, this report and recommendation is entered for review by the court.

McCaskill to file a response to Kawashima Textile's motion to dismiss was extended until October 12, 2007.  Again, McCaskill did not file a response.[2]

## MOTION TO DISMISS

Kawashima Textile contends that its motion to dismiss should be granted because service of process was insufficient.  The company also argues that this action should be dismissed because McCaskill fails to state a claim upon which relief can be granted.

1.   12(b)(5)

Kawashima Textile contends that this action should be dismissed for insufficient service of process pursuant to Federal Rule 12(b)(5) because the summons was not served on Kawashima Textile and service did not take place within the required 120 day period.  Sharon Armstrong, Human Resources Manager of Kawashima Textile, states she received an envelope in her mailbox at work on March 19, 2007; the envelope contained McCaskill's complaint; and there was no summons included with the contents of the letter.  Armstrong Aff.  Karen McCaskill states

---

[2]This report and recommendation addresses Kawashima Textile's motion to dismiss. Alternatively, it is recommended that this action be dismissed without prejudice for McCaskill's failure to prosecute.  A complaint may be dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute and/or failure to comply with orders of the court.  Ballard v. Carlson, 882 F.2d 93 (4th Cir. 1989), cert. denied, 493 U.S. 108 (1990) and Chandler Leasing Corp. v. Lopez, 669 F.2d 919 (4th Cir. 1982).  In considering whether to dismiss an action pursuant to Rule 41(b), the court is required to consider four factors:
 1. the degree of plaintiff's responsibility in failing to respond;
 2. the amount of prejudice to the defendant;
 3. the history of the plaintiff in proceeding in a dilatory manner; and
 4. the existence of less drastic sanctions other than dismissal.
Davis v. Williams, 588 F.2d 69 (4th Cir. 1978).

In the present case, McCaskill is proceeding pro se, so he is entirely responsible for his actions.  It is solely through McCaskill's neglect, and not that of an attorney, that no response has been filed.  McCaskill has not responded to Defendant's motion to dismiss.  No other reasonable sanctions are available.

that she works the day shift in the Guard House at Kawashima Textile; she received a letter from a postal worker on March 19, 2007 via certified mail; the letter did not name the person it was sent to so she opened the letter to determine where she should deliver it; she determined that it should be delivered to Armstrong; she did not remove or alter any of the contents of the letter; and she placed the letter in Armstrong's work mailbox.  Karen McCaskill Aff.

Federal Rule 4(c) provides:

> **A summons shall be served together with a copy of the complaint**. The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Fed. R. Civ. P. 4(c)(1)(emphasis added).  Here, McCaskill has not shown that he served the summons on Kawashima Textile.

Kawashima Textile also contends that its motion to dismiss should be granted because McCaskill fails to show that he served the company within the 120 days required under Rule 4(m). Federal Rule of Civil Procedure 4(m)[3] states in part:

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time....

Further, Local Rule 4.01, DSC provides:

> In the event a pleading asserting a claim is not served on each party against whom a claim is asserted within one hundred twenty (120) days after filing of the pleading, the party asserting a claim shall advise in writing the Court and all parties previously

---

[3] In the undersigned's November 29, 2006 Order, McCaskill was informed that he was responsible for service of process under Federal Rule 4 and his attention was also directed to Rule 4(m). In the undersigned's November 29, 2006 order, McCaskill was again warned that Kawashima Textile might be subject to dismissal without prejudice for failure to serve.

3

>     served at the expiration of said one hundred twenty-day (120) period of the identity
>     of the party not served and why service has not been effected.

Armstrong states that she did not receive the envelope containing McCaskill's complaint until March 19, 2007. This was more than 120 days after this action was filed (November 15, 2006). McCaskill has not presented anything to show that he served Kawashima within the 120 days required under Rule 4(m).

    2.    <u>12(b)(6)</u>

Kawashima Textile also contends that this action should be dismissed pursuant to Rule 12(b)(6) for McCaskill's failure to state a cognizable claim. The company contends that McCaskill has not plead any claim in his complaint clearly or with particularity, there are no tenable legal claims which are evident from the fact of the complaint, it is not evident from the complaint as to what legal claim he is asserting, there are no elements asserted in support of a claim, and the alleged facts are vague and ambiguous.

When a plaintiff has failed to state a claim for which relief can be granted, a defendant may move the court to dismiss that claim. <u>See</u> Fed. R .Civ. P. 12(b)(6). A court must accept as true all of the factual allegations contained in the complaint. <u>Bell Atlantic Corp. v. Twombley</u>, __ U.S. __, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007). A <u>pro</u> <u>se</u> complaint must be read liberally, and such persons are not held to the strict pleading requirements otherwise required of attorneys. <u>Estelle v. Gamble</u>, 429 U.S. 97, 106-07 (1976); <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). A pleading must set forth "a short and plain statement ... showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a). A plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual

obligations must be enough to raise a right to relief above a speculative level. Bell Atlantic Corp. v. Twombley, __ U.S. at ___, 127 S.Ct. at 1964-65.

Viewing the complaint in the light most favorable to McCaskill, he fails to state a claim which would entitle him to relief. McCaskill alleges that he was treated unfairly, unjustly and unequally at Kawashima Textile. He was terminated for allegedly threatening a co-worker, but claims instead that a co-worker harassed him.[4] Specifically, McCaskill alleges that a co-worker was jealous because McCaskill got a lot of overtime and the co-worker made statements to McCaskill that he (the co-worker) was going to get McCaskill fired, he was going to keep McCaskill from getting overtime hours, and McCaskill should go home. The co-worker also allegedly took McCaskill's scissors and threw them on the floor and snatched McCaskill's water. In the cover sheet for this action, McCaskill checked that the basis for jurisdiction in this court is federal question jurisdiction and the nature of suit is civil rights - employment. In his complaint, however, McCaskill has not asserted any basis for federal question jurisdiction[5] such as a federal statute[6] or Constitutional claim. Even assuming that McCaskill is attempting to assert a claim under Title VII

---

[4] McCaskill states that the South Carolina Employment Security Commission ("SCESC") found that he did not threaten a co-worker and he was wrongfully terminated. Apparently Kawashima Textile attempted to prevent McCaskill from receiving the full amount of unemployment compensation benefits and the SCESC initially disqualified McCaskill from receiving benefits for thirteen weeks upon a finding that McCaskill was disqualified. McCaskill appealed the decision and a hearing was held. Kawashima Textile did not appear at the evidentiary hearing and the SCESC found in Kawashima Textile's favor based on his testimony at the hearing. In Shelton v. Oscar Mayer Foods Corp., 481 S.E.2d 706, 709 (S.C. 1997), the South Carolina Supreme Court specifically found that Employment Security Commission findings of fact would not be given preclusive effect in any subsequent litigation between the employer and employee.

[5] "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331.

[6] McCaskill attached a copy of a Right to Sue notice from the Equal Employment Opportunity Commission, but did not submit a copy of his Charge of Discrimination.

5

of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e et seq. ("Title VII"), he has not asserted any claim that he was harassed or treated unfairly, unjustly, or unequally based on one of the prohibited factors.[7]

## CONCLUSION

Based on the foregoing, it is recommended that Defendant's motion to dismiss (Doc. 9) be granted.

                              Respectfully submitted,

                              s/Joseph R. McCrorey
                              United States Magistrate Judge

October 19, 2007
Columbia, South Carolina

**The parties' attention is directed to the important information on the attached notice.**

---

[7] Title VII makes it "an unlawful employment practice for an employer--(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's **race, color, religion, sex, or national origin**...."  42 U.S.C. § 2000e-2(a)(1)(emphasis added).

6

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail. Fed. R. Civ. P. 6(a) & (e). Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

>Larry W. Propes, Clerk
>United States District Court
>901 Richland Street
>Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).