IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| **Robbie Lamont McCaskill,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | C/A No. 3:06-3227-CMC-JRM |
| v. ) | |
| ) | **O R D E R** |
| **Kawashima Textile, USA, I**nc., ) | |
| ) | |
| Defendant. ) | |
| _____) | |

Plaintiff, proceeding *pro se*, filed this action against his former employer, Defendant Kawashima Textile, USA, Inc., on November 15, 2006. Defendant filed a motion to dismiss on April 6, 2007.

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e) and (g), DSC, this matter was referred to United States Magistrate Judge Joseph R. McCrorey, for pre-trial proceedings and a Report and Recommendation

Because Plaintiff is proceeding *pro se*, he was advised pursuant to *Roseboro v. Garrison*, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to Defendant's motion to dismiss could result in dismissal of his complaint. Plaintiff failed to file a response, prompting the court to issue another order on May 16, 2007. That order gave Plaintiff fifteen days to advise the court whether he intended to continue to prosecute this action.

That same date (May 16, 2007), Plaintiff filed a motion to amend his complaint. In this one-paragraph request, Plaintiff stated:

> I am writing to request to the courts to allow me to amend my original complaint on the grounds that it lacks "legal theory or basis on which a claim for relief can be granted." [Citing Defendant's motion to dismiss.] I feel as though this is not a frivolous complaint but does contain merit and if given the opportunity to present it correctly I will do so.

Dkt No. 12.

The court denied the motion to amend on September 27, 2007, but further extended Plaintiff's time to file a response to Defendant's motion to dismiss, setting the new deadline for October 12, 2007. Despite these numerous extensions, Plaintiff filed no response to the motion to dismiss except to the extent his motion to amend may be deemed a response to the motion to dismiss. So construed, the response amounts to a concession that the complaint, as presently pled, fails to state a claim on which relief may be granted.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility to make a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Report and Recommendation of the Magistrate Judge to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). The court reviews the Report and Recommendation only for clear error in the absence of an objection. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.") (citation omitted).

The Magistrate Judge has filed his Report and has recommended that Defendant's motion to dismiss be granted for insufficiency of service of process and for failure to state a claim upon which relief can be granted. The Magistrate Judge advised Plaintiff of his right to file objections to the Report and the serious consequences if no objections were filed. Plaintiff has filed no objections and the time for doing so has expired.

After reviewing the complaint, the motion, and the Report and Recommendation of the

2

Magistrate Judge, the court finds no clear error. Accordingly, the Report and Recommendation of the Magistrate Judge is adopted and incorporated by reference. The matter is, therefore, dismissed on both grounds addressed in the Report and Recommendation.

The dismissal for insufficiency of service of process is without prejudice. In light of Plaintiff's request to amend, the undersigned concludes that the dismissal for failure to state a claim should also be without prejudice.

**IT IS, THEREFORE, ORDERED** that this action is **dismissed without prejudice**.

**IT IS SO ORDERED**.

 s/ Cameron McGowan Currie
 CAMERON MCGOWAN CURRIE
 UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
November 20, 2007

C:\Documents and Settings\Glp59\Local Settings\Temp\notesE1EF34\06-3227 McCaskill v. Kawashima Textile - pro se plaintiff - mo to dis granted wo prejudice.wpd

3